IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

    Plaintiff,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

No. C 06-06968 JSW

**ORDER OF DISMISSAL**

Plaintiff John Doe filed this action challenging the constitutionality of the Sexual Predator Punishment and Control Act: Jessica's Law ("SPPCA"), which was enacted by California voters on November 7, 2006. The SPPCA prohibits registered sex offenders from residing within 2,000 feet of any public or private school or park where children regularly gather. Cal. Pen. Code § 3003.5. Over twenty years ago, Plaintiff pled guilty and was convicted of a felony for which he must register as a sex offender pursuant to California Penal Code § 290. (Declaration of John Doe, ¶ 2.) He was sentenced to three months confinement, probation, and mandatory registration as a sex offender for life. (*Id*.) In 1999, a California court set aside his plea and dismissed the original criminal charges pursuant to California Penal Code § 1203.4. (*Id*., ¶ 3.)

On November 8, 2006, this Court granted Plaintiff's application for a temporary restraining order and set a briefing schedule on Plaintiff's motion for a preliminary injunction. In the briefs filed in opposition to Plaintiff's motion, it appeared as though all parties agreed that the SPPCA did not apply retroactively. (Docket No. 19 at p. 4-6; Docket No. 21 at p. 3.) If the

SPPCA only applies prospectively, it would be inapplicable to Plaintiff, and, thus, he would not have standing to bring this constitutional challenge. Because "standing is an aspect of subject matter jurisdiction," the Court may address this issue *sua sponte*. *Fleck and Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1107 n.4 (9th Cir. 2006).

## ANALYSIS

"Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." *Covington v. Jefferson County*, 358 F.3d 626, 637 (9th Cir. 2004). To satisfy the Constitution's standing requirements, a plaintiff must show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Covington*, 358 F.3d at 637-38. If the statute does not apply retrospectively, Plaintiff would have no actual or imminent injury in fact because the statute would not apply to him.

"It is well settled that a new statute is presumed to operate prospectively absent an express declaration of retrospectivity or a clear indication that the electorate, or the Legislature, intended otherwise." *Tapia v. Superior Court*, 53 Cal. 3d 282, 287 (1991); *see also Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1193-94 (1988) ("It is a widely recognized legal principle ... that in the absence of a clear legislative intent to the contrary statutory enactments apply prospectively."). This legal principle is embodied specifically in both the California Civil and Criminal Codes. *See* Cal. Civ. Code § 3 ("No part of it is retroactive, unless expressly so declared"); Cal. Crim. Code § 3 (same).

When a statute is silent on the issue of retrospectivity, California courts have held the statute applies prospectively. *Evangelatos*, 44 Cal. 3d at 1194; *see also Tapia*, 53 Cal. 3d at 287 (finding a proposition operated prospectively where both the proposition and the related ballot arguments were "entirely silent on the question of retrospectivity."). Here, the text of the SPPCA is silent on the issue of retrospectivity. Judge Karlton in the Eastern District of California recently examined the SPPCA. Based on the absence of any language addressing

1  retroactivity in the SPPCA and based on the court's view that it was not "very clear" from
2  extrinsic sources that voters intended it to be retroactive, he concluded that it applied
3  prospectively. *Doe v. Schwarzenegger*, 2007 WL 471002, *3 (E.D. Cal. Feb. 9, 2007). This
4  Court agrees with Judge Karlton's reasoning and similarly concludes that the SPPCA applies
5  prospectively.

6  Despite the parties' agreement that the SPPCA applies prospectively, they disagree on
7  what the term "prospsective" means in the context of the SPPCA. Plaintiff argues that
8  prospective means the statute does not apply to persons who were convicted before the date of
9  the SPPCA's enactment. (Docket No. 50 at p.6.) The Governor argues that it applies only to
10 persons released after the SPPCA's effective date. (Docket No. 55 at p.1-2.) The Attorney
11 General, on the other hand, argues that the SPPCA applies to registered sex offenders released
12 before the date of its enactment if they change their residence after November 7, 2006. Judge
13 Karlton recently described the Attorney General's position as "border[ing] on the frivolous" and
14 noted: "The SPPCA makes absolutely no distinction between sex offenders currently residing
15 within a 2,000 feet zone and those who later relocate within such an area." *Doe v.*
16 *Schwarzenegger*, 2007 WL 471002, *4.

17 Under either the Plaintiff's or the Governor's position, the SPPCA clearly does not
18 apply to Plaintiff. Plaintiff was both convicted and released years before the SPPCA was
19 enacted. (Declaration of John Doe, ¶ 2.) Thus, under either interpretation, Plaintiff does not
20 have standing to challenge the SPPCA.

## CONCLUSION

22 For the foregoing reasons, the Court dismisses Plaintiff's complaint for lack of standing.
23 **IT IS SO ORDERED.**

25 Dated: February 22, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3